18-3169-cr
*United States v. Picone*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand twenty.

PRESENT:    PIERRE N. LEVAL,
                JOSÉ A. CABRANES,
                RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

UNITED STATES OF AMERICA,

               *Appellee,*                            18-3169-cr

        v.

FRANK PICONE,

               *Defendant-Appellant.*

| | |
|---|---|
| **FOR APPELLEE:** | Andrew D. Wang, Samuel P. Nitze, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLANT:** | Malvina Nathanson, New York, NY. |

      Appeal from a November 1, 2018 judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **REMANDED.**

Defendant-Appellant Frank Picone ("Picone") pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). Picone was sentenced to 170 months' imprisonment and five years' supervised release, and ordered to pay $10,000 in restitution, $5,100 in special assessments, and a fine of $250,000. On appeal, Picone challenges only the procedural reasonableness of the imposition of the fine. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We note at the outset the Government's concession that Picone's waiver of his right to appeal, agreed to as part of his guilty plea, does not sweep broadly enough to preclude an appeal of the fine imposed by the District Court.

On the current record, we cannot determine whether the District Court appropriately considered the impact that the imposed fine would have on Picone's financial dependents, specifically his wife. Consideration of this factor is mandatory under 18 U.S.C. § 3572(a)(2) (the District Court must consider "the burden that the fine will impose upon . . . any person who is financially dependent on the defendant").

Accordingly, we remand pursuant to the procedure described in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), so that the District Court may conduct additional fact-finding on the record on this narrow issue. The District Court is hereby authorized to amend the fine if this is indicated by the Court's mandated inquiry into "the burden that the fine will impose" on Picone's wife. 18 U.S.C. § 3572(a)(2).

## CONCLUSION

For the foregoing reasons, we **REMAND** for further proceedings consistent with this order.

Because Picone is required to pay his fine during the period of his imprisonment, the mandate shall issue forthwith, and the District Court shall conduct any necessary additional proceedings as soon as practicable. This appeal will be reinstated, without need for a new notice of appeal, upon notice by either side to the Clerk of Court, whereupon jurisdiction will be restored to this Court and to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk